**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ANGELICA DAVILA, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION No. 2:13-cv-70; |
| v. | ) | No. 2:14-cv-70 |
| | ) | Hon. Mark R. Hornak |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

_____

**DEFENDANT'S SUPPLEMENTAL BRIEF REGARDING
*RODRIGUEZ v. UNITED STATES***

On April 21, 2015, the Court ordered the parties to provide supplemental briefing on *Rodriguez v. United States*, -- S. Ct. --, 2015 WL 1780927 (April 21, 2015), and its effect on the pending motions in this case. The United States maintains that the recent *Rodriguez* decision has no effect on Ms. Davila's motion to reconsider this Court's July 28, 2014 decision to dismiss the United States as a party under the Federal Tort Claims Act (FTCA).

The *Rodriguez* decision examined the permissible scope of a routine traffic stop, particularly the Constitutionality of a dog sniff conducted after the officer had completed the traffic stop. In *Rodriguez*, the police officer stopped a vehicle after seeing the driver veer slowly onto the shoulder. 2015 WL 1780927, at *3. After conducting a records check, the officer issued the driver a written warning and returned the driver his documents. *Id*. At that point, the officer did not consider the driver free to leave and asked for permission to walk his dog around the driver's vehicle. *Id*. at *4. The officer's dog subsequently found that the vehicle contained methamphetamine. *Id*. The driver attempted to suppress the evidence seized during the search, arguing that the officer lacked reasonable suspicion to prolong the traffic stop to conduct a dog sniff. *Id*. The District Court adopted the magistrate judge's recommendation that the motion to

1

suppress be denied, finding that the seven to ten minutes added to the stop to conduct the search was *de minimus* and not of constitutional significance. *Id*. The Eighth Circuit affirmed, finding that the delay in the traffic stop was a *de minimus* intrusion on the driver's personal liberty. *Id*. The Supreme Court granted certiorari to resolve a circuit split on one issue – "whether police routinely may extend an otherwise-completed traffic stop, absent reasonable suspicion, in order to conduct a dog sniff." *Id*. at * 5.

The Supreme Court held that the police extension of a routine traffic stop to conduct a dog sniff without reasonable suspicion violated the Constitutional protection against unreasonable seizures.   The Supreme Court first noted that a traffic stop can only last as long as necessary to address the traffic violation that warranted the initial stop. *Id*.  "Authority for the seizure thus ends," it underscored, "when tasks tied to the traffic infraction are – or reasonably should have been – completed." *Id*.  A traffic stop, the Supreme Court continued, has a specific mission: inquiries regarding the driver's license, a records check for outstanding warrants and an inspection of the vehicle's registration and insurance. *Id*. at *6.  A dog sniff, the Supreme Court found, was "not fairly characterized as part of the officer's traffic mission." *Id*.  Instead, it concluded that a dog sniff was meant to detect evidence of other criminal activity and, as such, constituted a detour from the mission of a traffic stop. *Id*.  Accordingly, the Supreme Court held that the police could not extend a routine traffic stop to investigate other crimes unrelated to the mission of a traffic stop without reasonable suspicion. *Id*. at *7.

The *Rodriguez* decision is inapplicable to the motion for reconsideration pending against the United States.  As applied here, the *Rodriguez* decision raises the following question: did Officer Bienemann have a constitutional basis to extend his routine traffic stop of Ms. Davila and her companion?  *Rodriguez*, however, has no bearing on the United States' liability under the

FTCA for two reasons: first, this Court already found that the United States is not liable for Officer Bienemann's decision to stop and question Ms. Davila; and second, Ms. Davila does not challenge that finding.

Were this Court to apply *Rodriguez* to Officer Bienemann's conduct and find that he lacked a constitutional basis to extend Ms. Davila's traffic stop, that finding, nonetheless, would have no bearing on the United States for purposes of FTCA liability because Officer Bienemann was not a federal employee or agent of the federal government at the time he acted.  This Court already made such a finding.  In its Order dismissing Ms. Davila's FTCA claim against the United States, this Court found that the United States could not be held liable for Officer Bienemann's decision to stop and question Ms. Davila because he was neither a federal government employee nor an agent of the federal government and either being necessary to create liability under 28 U.S.C. § 2671.  *See* Order, No. 14-cv-70, ECF No. 14 at 8.  This finding was legally and factually correct.

As the United States previously argued, Ms. Davila's false imprisonment claim breaks down into three relevant time periods: the first, when Officer Bienemann stopped and questioned her;[1] the second, when Special Agent Tetrault questioned her and then issued the immigration detainer;[2] and the third, when Ms. Davila was held overnight at the Allegheny County Jail after ICE lifted the detainer at 11:05 PM that evening.  To establish liability against the United States

---

[1] Officer Bienemann stopped Ms. Davila at 5:45 PM on January 22, 2011.  Amend. Compl. ECF No. 109 at ¶ 26.  The complaint is not clear when he contacted the LESC or when the local police contacted Special Agent Kenwood.  *See id.* at ¶¶ 44-46.  Ms. Davila notes, however, that Special Agent Kenwood contacted Special Agent Tetrault at 7:04 PM.  *Id.* at ¶ 50.

[2] Liberally construing the complaint, this time period lasted sometime after 7:04 PM (when Special Agent Tetrault first spoke with her) to 11:05 PM (when Special Agent Tetrault lifted the immigration detainer).  *See* Amend. Compl. ECF No. 109 ¶¶ 50, 52, 85, 88, 97-103, 104.

for Officer Bienemann's decision to stop and question Ms. Davila, she must show that he was a federal employee or agent of the federal government.

Here, the Court properly concluded that Ms. Davila cannot seek recovery against the United States for the time period that Officer Bienemann stopped and questioned her.  The FTCA only waives the United States' sovereign immunity for torts committed by Government employees.  *See* 28 U.S.C. § 1346(b)(1); 28 U.S.C. § 2674.  The FTCA defines a Government employee to include officers or employees or any federal agency; members of the U.S. military; National Guard members engaged in training or duty; persons acting on the behalf of a federal agency in an official capacity, temporarily or permanent in the service of the United States, whether compensated or not; and any officer or employee of a Federal public defender organization unless he is providing representation.  28 U.S.C. § 2671.  As a police officer employed by the Northern Regional Joint Police Board – a state agency and not a federal one – Officer Bienemann does not come within the definition of a Government employee under the FTCA.  Amend. Compl. ECF No. 28.[3]  Accordingly, the Court properly concluded that the United States is not liable for Officer Bienemann's decision to stop and question Ms. Davila.

Moreover, Ms. Davila does not challenge this Court's finding that the United States was

---

[3] Based on an agency theory, the FTCA does permit a private actor not on the Government's payroll to be considered an employee for purposes of establishing the Government's liability. *See*, *e.g.*, *Patterson & Wilder Const. Co., Inc. v. U.S.*, 226 F.3d 1269, 1274 (11th Cir. 2000) However, liability here can only be established if the Government controls and supervises the day-to-day activities of the alleged tortfeasor during the relevant time period. *See Logue v. U.S.*, 412 U.S. 521, 526-32 (1973) ("[T]he critical factor is the authority of the principal to control the detailed physical performance of the individual) (internal quotations omitted); *see also Norman v. U.S.*, 111 F.3d 356, 357 (3d Cir. 1997); *Robb v. United States,* 80 F.3d 884, 887-91 (4th Cir. 1996); *Ezekiel v. Michel,* 66 F.3d 894, 899-904 (7th Cir. 1995); *B&A Marine Co., Inc. v. American Foreign Shipping Co., Inc.,* 23 F.3d 709, 713 (2d Cir. 1994); *Carrillo v. United States,* 5 F.3d 1302, 1304-05 (9th Cir. 1993).  Because Ms. Davila has set forth no facts indicating that the United States controlled and supervised Officer Bienemann's day-to-day activities on January 22, 2011, any agency claim fails.

not liable for Officer Bienemann's decision to stop and question her.   Instead, she sought

reconsideration over one issue – to wit, that this Court erred in finding that Special Agent

Tetrault had probable cause to arrest her under 8 U.S.C. § 1357(a)(2).  *See* Brief in Support of

Motion For Reconsideration, No. 14-cv-70, ECF No. 17 at 1.  In essence, of the three time

periods relevant to Ms. Davila's false imprisonment claim, Ms. Davila now only takes issue with

the second: that period of time in which Special Agent Tetrault questioned her and issued the

immigration detainer.  Here, the Court found that because Special Agent Tetrault had probable

cause to arrest her, Ms. Davila's false imprisonment claim over this time period fails.  *See* Order,

No. 14-cv-70, ECF No. 14 at 8-11.  Nonetheless, in her motion to reconsider, Ms. Davila again

argues that Special Agent Tetrault lacked probable cause to arrest her because Special Agent

Tetrault had no reason to believe that Ms. Davila was likely to escape before a warrant could be

issued and because Special Agent Tetrault was not physically present at the time of questioning.

*See* Brief in Support of Motion For Reconsideration, No. 14-cv-70, ECF No. 17 at 4-6.  The

United States has already provided full briefing on these points in its opposition to Ms. Davila's

motion to reconsider and stands by its prior arguments.  *See* Defendants' Opposition to

Plaintiff's Motion for Reconsideration, 14-cv-70, ECF No. 20.

  For purposes of the *Rodriguez* decision, however, the United States maintains that

Special Agent Tetrault did have a Constitutionally permissible basis to detain Ms. Davila for

questioning because she had reasonable suspicion to believe that Ms. Davila was present illegally

in the United States.  Specifically, during questioning, Ms. Davila told Special Agent Tetrault

that she had legal status in the United States but subsequently admitted that she was not carrying

proof of status on her.  As the United States previously argued in its opposition, this conduct was

sufficient to give Special Agent Tetrault reason to believe that Ms. Davila was present

unlawfully in the United States and gave her a basis to arrest Ms. Davila under 8 U.S.C.

§ 1357(a)(2).  *See* Defendant's Opposition to Plaintiff's Motion For Reconsideration, ECF No.

20 at 3-5.  Accordingly, the Court should deny Ms. Davila's motion to reconsider.

DATED: April 30, 2015                    Respectfully submitted,

                                         BENJAMIN C. MIZER
                                         Principal Deputy Assistant Attorney General
                                         Civil Division

                                         WILLIAM C. PEACHEY
                                         Director
                                         Office of Immigration Litigation
                                         District Court Section

                                         ELIZABETH J. STEVENS
                                         Assistant Director
                                         Office of Immigration Litigation
                                         District Court Section

                                         JEFFREY ROBINS
                                         Assistant Director
                                         Office of Immigration Litigation
                                         District Court Section

                                         /s/ Regan Hildebrand
                                         REGAN HILDEBRAND
                                         Senior Litigation Counsel
                                         District Court Section
                                         Office of Immigration Litigation
                                         Civil Division
                                         U.S. Department of Justice
                                         450 Fifth Street NW
                                         Washington, DC 20001
                                         Phone: (202)305-3797
                                         Fax: (202) 616-8962
                                         E-mail: Regan.Hildebrand@usdoj.gov
                                         Missouri Bar No. 57438

                                         Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ANGELICA DAVILA,                    )
                                    )
        Plaintiff,                  )        CIVIL ACTION No. 2:13-cv-70;
v.                                  )        No. 2:14-cv-70
                                    )        Hon. Mark R. Hornak
UNITED STATES,                      )
                                    )
        Defendant.                  )
_____

## CERTIFICATE OF SERVICE

I hereby certify that on April 30, 2015, the foregoing document(s) were served

electronically via the Court's ECF system and/or first-class mail to the following:

Sara Rose
ACLU
313 Atwood Street                            Emily McNally
Pittsburgh, PA 15213                         Farrell & Reisinger, LLC
Phone: (412) 681-7864                        200 Koppers Building
Fax: (412) 681-8707                          436 Seventh Avenue
Email: srose@aclupa.org                      Pittsburgh, PA 15219
                                             Phone: 412-894-1380
Witold J. Walczak                            Email: emcnally@farrellreisinger.com
ACLF of PA
313 Atwood Street
Pittsburgh, PA 15213                         Thomas J. Farrell
Phone: (412) 681-7864                        Farrell & Reisinger LLC
Email: vwalczak@aclupa.org                   200 Koppers Building
                                             436 Seventh Avenue
                                             Pittsburgh, PA 15219
                                             Phone: (412) 894-1380
                                             Fax: (412) 894-1381
                                             Email: tfarrell@farrellreisinger.com

/s/ Regan Hildebrand
REGAN HILDEBRAND
Senior Litigation Counsel
District Court Section
Office of Immigration Litigation
Civil Division
U.S. Department of Justice
450 Fifth Street NW
Washington, DC 20001
Phone: (202)305-3797
Fax: (202) 616-8962
E-mail: Regan.Hildebrand@usdoj.gov
Missouri Bar No. 57438

Attorneys for Defendant