IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANGELICA DAVILA, ) <br> ) <br>     Plaintiff, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES, ) <br> ) <br>     Defendant. ) | Civil No. 14-cv-00070-MRH <br> (consolidated with 13-cv-00070-MRH) <br><br><br> Hon. Mark R. Hornak |

**DEFENDANT'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT**

**INTRODUCTION**

1. Defendant admits the first sentence in this paragraph. The second sentence in this paragraph constitutes Plaintiff's theory of the case to which no response is required. To the extent that a response is required, Defendant denies. As for the third sentence in this paragraph, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations .

2. Admit.

3. Admit.

**JURISDICTION AND VENUE**

4. This paragraph contains Plaintiff's conclusions of law regarding the scope and extent of the Court's jurisdiction to which no response is required.

5. Admit.

6. This paragraph contains Plaintiff's conclusions of law regarding the scope of extent of the Court's venue to which no response is required.

1

## PARTIES

7. Defendant admits that Plaintiff is a United States citizen. As to the remaining allegations in this sentence, Defendant lacks sufficient knowledge or information to form a belief as to their truth. To the extent that a response is required, Defendant denies.

8. Defendant admits the allegations in this paragraph, but solely to the extent that Brianna Tetrault and any and all other federal officers were employed by Immigration and Customs Enforcement (ICE). The remaining allegations in this sentence constitute Plaintiff's theory of the case to which no response is required. To the extent a response is required, the allegations are denied.

9. The allegations in this paragraph constitute Plaintiff's theory of the case to which no response is required. To the extent a response is required, it is denied.

10. The allegations in this paragraph constitute Plaintiff's theory of the case to which no response is required. To the extent a response is required, it is denied.

## FACTUAL ALLEGATIONS

### Background

11. Defendant admits that Plaintiff was born in Mexico on June 25, 1984. Defendant denies that Plaintiff is a naturalized United States citizen; however, to the extent the paragraph indicates that Plaintiff automatically acquired United States citizenship through naturalization of her parent, the paragraph is admitted.

12. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

13. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

14. Admit.

15. Admit.

16. Admit.

17. This paragraph constitutes conclusions of law and/or Plaintiff's theory of the case to which no response is required.

18. This paragraph constitutes conclusions of law to which no response is required.

19. Defendant denies that Plaintiff applied for Certificate of Citizenship on June 9, 2010; instead, agency records indicate that Plaintiff filed a Form N-600, Certificate of Citizenship, on June 11, 2010.  Defendant admits the allegations in the second and third sentences of this paragraph.

20. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

21. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

22. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

23. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

## Davila's Arrest

24. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

25. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

26. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

27. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

28. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

29. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

30. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

31. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

32. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

33. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

34. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

35. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

36. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

37. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

38. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

39. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

40. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

41. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

42. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

43. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

44. Defendant admits that the Law Enforcement Support Center (LESC) is a national law enforcement operations facility administered by ICE.  Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph.

45. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

46. Defendant admits that Law Enforcement Specialist Hayhurst ran an Immigration Alien Inquiry (IAQ) on Plaintiff.  Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph.

47. Defendant admits, but solely to the extent that Law Enforcement Specialist Hayhurst found no match for Garrete and that data indicated that Plaintiff was out of status.

48. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

49. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

50. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in the first sentence in this paragraph.  Defendant admits the allegations in the second sentence in this paragraph.

51. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

52. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

53. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

54. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

55. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

56. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

57. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

58. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

59. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

60. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

61. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

62. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

63. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

64. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

65. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

66. Admit.

67. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

68. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

69. This paragraph constitutes Plaintiff's theory of the case to which no response is required. To the extent a response is required, it is denied.

70. Deny.

71. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph. Defendant avers that the document referenced in this paragraph is the best evidence of its contents.

72. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph. Defendant avers that the document referenced in this paragraph is the best evidence of its contents.

73. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

74. This paragraph constitutes Plaintiff's theory of the case to which no response is required. To the extent a response is required, it is denied.

75. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

76. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

77. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

78. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

79. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

80. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

81. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

82. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

83. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

84. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

85. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph regarding the length of time for the traffic stop and whether Plaintiff and Garrete were handcuffed.  Defendant admits the remaining allegations in this paragraph.

86. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

87. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

88. Defendant admits that Officer Tetrault signed a Form I-203, Order to Detain or Release Alien.  Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph.

89. Defendant admits to paragraph to the extent that the order to detain signed by Officer Tetrault misspelled Plaintiff's last name.  Defendant avers that the document referenced in this paragraph is the best evidence of its contents.

90. This paragraph constitutes Plaintiff's theory of the case to which no response is required. To the extent that a response is required, Defendant denies.

91. Defendant admits that the order to detain correctly listed Plaintiff's date of birth. Defendant avers that the document referenced in this paragraph is the best evidence of its contents.

92. Defendant admits that the order's title was misspelled. Defendant avers that the document referenced in this paragraph is the best evidence of its contents.

93. Defendant admits that the form is identified as "Form I-203 (Rev. 01/31/05) N." Defendant avers that the document referenced in this paragraph is the best evidence of its contents.

94. Admit.

### Davila's Imprisonment and Release

95. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

96. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

97. Admit.

98. Admit.

99. Defendant admits that Officer Kenwood called a party at the Northern Regional Joint Police Board and was advised that Plaintiff and Garrete were taken to the jail. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph.

100. Admit.

101. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

102. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

103. Admit.

104. Defendant admits that Officer Tetrault faxed an order to the Allegheny County Jail to release Plaintiff on January 22, 2011.  Defendants lacks sufficient knowledge or information at this time to form a belief as to the truth of the remaining allegations in this paragraph.

105. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

106. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

107. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

108. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

109. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

110. This paragraph constitutes Plaintiff's theory of the case and/or conclusions of law to which no response is required.  To the extent that a response is required, Defendant denies.

111. This paragraph constitutes Plaintiff's theory of the case and/or conclusions of law to which no response is required.  To the extent that a response is required, Defendant denies.

112. This paragraph constitutes Plaintiff's theory of the case and/or conclusions of law to which no response is required.  To the extent that a response is required, Defendant denies.

## CAUSES OF ACTION

### Count I

### Federal Tort Claims Act – False Arrest and False Imprisonment

113.    This paragraph constitutes Plaintiff's theory of the case and/or conclusions of law to which no response is required.  To the extent that a response is required, Defendant denies.

114.    This paragraph constitutes Plaintiff's theory of the case and/or conclusions of law to which no response is required.  To the extent that a response is required, Defendant denies.

115.    This paragraph constitutes Plaintiff's theory of the case and/or conclusions of law to which no response is required.  To the extent that a response is required, Defendant denies.

### Count II

### Federal Tort Claims Act – Negligence

116.    This paragraph constitutes Plaintiff's theory of the case and/or conclusions of law to which no response is required.  To the extent that a response is required, Defendant denies.  Further, Defendant notes that Plaintiff withdrew her negligence claim on May 27, 2014.  *See* No. 13-cv-70, ECF No. 129, at 5 n. 8.

117.    This paragraph constitutes Plaintiff's theory of the case and/or conclusions of law to which no response is required.  To the extent that a response is required, Defendant denies.  Further, Defendant notes that Plaintiff withdrew her negligence claim on May 27, 2014.  *See* No. 13-cv-70, ECF No. 129, at 5 n. 8.

118.    This paragraph constitutes Plaintiff's theory of the case and/or conclusions of law to which no response is required.  To the extent that a response is required, Defendant denies.  Further, Defendant notes that Plaintiff withdrew her negligence claim on May 27, 2014.  *See* No. 13-cv-70, ECF No. 129, at 5 n. 8.

**PRAYER FOR RELIEF**

The remainder of the complaint constitutes Plaintiff's request for relief to which no responsive pleading is necessary. To the extent that a responsive pleading is required, Defendant denies the Prayer for Relief. All allegations that have not been specifically admitted are hereby denied.

In addition, Defendant asserts the following affirmative defenses and reserves the right to plead additional affirmative defenses according to proof:

**FIRST DEFENSE**

Pursuant to 28 U.S.C. § 2675, Plaintiff may not recover on the basis of any claim or alleged injury not set forth in the administrative claim presented to the Department of Homeland Security. Similarly, Plaintiff may not claim or recover a monetary amount against the United States in excess of the amount set forth in the administrative claim.

**SECOND DEFENSE**

The alleged injuries were caused solely by the acts or omissions of other parties, persons, or entities, their servants, agents, representatives, or employees, none of whom are agencies or employees of the United States for whom the United States has any liability pursuant to the Federal Tort Claims Act.

**THIRD DEFENSE**

To the extent that Plaintiff was injured, no acts or omissions by the United States were the actual cause of those injuries.

**FOURTH DEFENSE**

To the extent that Plaintiff was injured, no acts or omissions by the United States were the proximate cause of those injuries.

**FIFTH DEFENSE**

Comparative fault bars or limits any recovery for any conduct by Plaintiff that caused or contributed to Plaintiff's injuries.

**SIXTH DEFENSE**

The United States is not liable to Plaintiff because there was reasonable belief or suspicion to issue an order to detain for Plaintiff.

**SEVENTH DEFENSE**

The United States is not liable to Plaintiff because there was probable cause to issue an order to detain for Plaintiff.

**EIGHTH DEFENSE**

To the extent that Plaintiff seeks equitable relief or punitive damages, such requests are not cognizable under the Federal Tort Claims Act.

**NINTH DEFENSE**

Under the Federal Tort Claims Act, Plaintiff's recovery may not include an additional award for attorneys' fees or prejudgment interest.

**TENTH DEFENSE**

Defendant United States, through its employees and agents, acted with due care and diligence at all relevant times.

**ELEVENTH DEFENSE**

Plaintiff's detention and ICE's order to detain was lawful under the circumstances and any injury or damages allegedly suffered by Plaintiff was due to and caused by reason of Plaintiff's own acts, conduct and/or omissions.

**TWELTH DEFENSE**

Plaintiff's detention was lawful under the circumstances and any injury or damages allegedly suffered by Plaintiff were due to and caused by the intervening or superseding acts of third parties.

**THIRTEENTH DEFENSE**

Plaintiff cannot recover to the extent she was comparatively negligent by failing to notify ICE of her citizenship.

**FOURTEENTH DEFENSE**

Plaintiff cannot recover to the extent she failed to mitigate her damages.

**FIFTEENTH DEFENSE**

Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted.

**SIXTEENTH DEFENSE**

This Court lacks subject matter jurisdiction over Plaintiff's claims in whole or in part to the extent that they involve acts or omissions excluded by the Federal Tort Claims Act.

**SEVENTEENTH DEFENSE**

The United States has not waived its sovereign immunity for the acts or omissions of contractors.

**EIGHTEENTH DEFENSE**

To the extent that the law (common or statutory) of the Commonwealth of Pennsylvania, where the alleged acts or omissions occurred, limits damages, reduces damages, or limits a defendant's liability or a plaintiff's cause of action, that law applies to this action against the United States to the extent that it is not inconsistent with the Federal Tort Claims Act.

## NINETEENTH DEFENSE

Plaintiff is not entitled to a jury trial in a Federal Tort Claims Act suit against the United States.

*\*\*\**

WHEREFORE, Defendant United States of America respectfully requests that this Court dismiss Plaintiff's Amended Complaint with prejudice, enter judgment for the United States and grant such other and further relief to which it may be entitled.

| | |
|---|---|
| DATED: April 25, 2017 | Respectfully submitted by, |
| | CHAD A. READLER<br>Acting Assistant Attorney General |
| | ERNESTO H. MOLINA, JR.<br>Deputy Director |
| | *s/ Regan Hildebrand*<br>REGAN HILDEBRAND<br>Senior Litigation Counsel<br>Civil Division, Office of Immigration Litigation<br>United States Department of Justice<br>450 Fifth Street NW<br>Washington, DC 20001<br>Telephone: (202) 305-3797<br>Facsimile: (202) 616-8962<br>E-mail: Regan.Hildebrand@usdoj.gov<br>Missouri Bar No. 57438 |
| | *Counsel for Defendant United States* |

## CERTIFICATE OF SERVICE

I hereby certify that on April 25, 2017, the foregoing document(s) were served electronically via the Court's ECF system to the following:

Sara Rose
ACLU
313 Atwood Street
Pittsburgh, PA 15213
Phone: (412) 681-7864
Fax: (412) 681-8707
Email: srose@aclupa.org

Witold J. Walczak
ACLF of PA
313 Atwood Street
Pittsburgh, PA 15213
Phone: (412) 681-7864
Email: vwalczak@aclupa.org

Emily McNally
Farrell & Reisinger, LLC
200 Koppers Building
436 Seventh Avenue
Pittsburgh, PA 15219
Phone: 412-894-1380
Email: emcnally@farrellreisinger.com

Thomas J. Farrell
Farrell & Reisinger LLC
200 Koppers Building
436 Seventh Avenue
Pittsburgh, PA 15219
Phone: (412) 894-1380
Fax: (412) 894-1381
Email: tfarrell@farrellreisinger.com

*/s/ Regan Hildebrand*
REGAN HILDEBRAND
Senior Litigation Counsel